In re Gwendolyn B.J. McKNIGHT,
Debtor.

AMERICAN GENERAL FINANCE,
INC., Movant,

v.

Gwendolyn B.J. McKNIGHT a/k/a
Gwendolyn Johnson, Debtor, and
Levon Johnson, Codebtor.

Bankruptcy No. 89–60467.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Feb. 14, 1992.

Murl E. Geary, Rincon, Ga., for debtor.

Stephen M. McCusker, Wisenbaker & McCusker, Savannah, Ga., for movant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

American General Finance, Inc. ("American General") seeks relief from the automatic stay of 11 U.S.C. § 362(a) in order to continue garnishment proceedings against the debtor. The facts are not disputed. This Chapter 13 proceeding was filed November 29, 1989. The debtor submitted a proposed plan which provided "[t]he future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor—debtor [sic] shall pay to the trustee the sum of $65.00 (biweekly) for the period of 60 monthly periods.... Title to the debtor's property shall revest in the debtor on confirmation of a plan—upon dismissal of the case after confirmation pursuant to 11 U.S.C. 1329—upon closing of the case pursuant to 11 U.S.C. 350." On December 5, 1989 an order was issued to the debtor's employer, State of Georgia, Department of Corrections, notifying the employer that the debtor had filed for Chapter 13 relief, that the debtor had submitted her earnings to the jurisdiction of the court, and that the employer is subject to such orders as may be required to effectuate the provisions of the plan proposed by the debtor. The order further directed the employer to pay the debtor's future earnings to the Chapter 13 trustee to the extent of Sixty–Five and No/100 ($65.00) Dollars biweekly. The order also stated

[i]f a summons of garnishment concerning this debtor has been served on the Employer, this Chapter 13 case automatically enjoins and stays the continuation of that garnishment proceeding and any act to proceed further with that garnishment proceeding [11 U.S.C. § 326(a) ] and the Employer is enjoined and stayed from making any further deductions from the debtor's earnings on account of said garnishment, and is ordered to remit immediately to the Trustee any sums al-

ready deducted and not yet paid over to the garnishment court.

The proposed plan was confirmed by order dated April 24, 1990. The order of confirmation provided in part relevant to this motion "[n]otwithstanding any contrary provision in the plan, property of the estate revests in the debtor upon confirmation pursuant to 11 U.S.C. section 1327."

American General was not a prepetition creditor of the debtor. Post petition the debtor entered into a credit transaction with American General and subsequently defaulted. American General brought a complaint against the debtor in the appropriate State court, obtained a judgment and commenced a continuing garnishment proceeding against the debtor and her employer, the State of Georgia, Department of Corrections, to collect the judgment from her wages. See, Official Code of Georgia Annotated §§ 18-4-60 et seq. and 18-4-110 et seq. Referencing this court's order to the employer directing the deductions from debtor's future wages to fund the Chapter 13 plan, the employer, the State of Georgia, declined to honor the garnishment. This was American General's first notice of this bankruptcy proceeding. American General seeks alternatively an order from this court determining that the stay of § 362(a) does not apply, or providing relief from the stay pursuant to § 362(d)(1) to allow the garnishment action to proceed.

■ Whether the stay of § 362(a) applies against American General requires reconciliation of 11 U.S.C. § 1306(a)(2)[1] and § 1327(b).[2] Efforts at reconciliation of these two Bankruptcy Code provisions have failed to establish a uniform result.[3] An effort to reconcile these Code provisions requires an initial analysis of the extent of the stay of § 362(a). Section 362(a)

'bars certain actions against (1) the debtor, (2) property of the debtor and (3) property of the estate.' Actions against the *debtor* are barred if the actions could have been brought before the petition was filed 'or if those efforts are attempts to collect on a prepetition debt....'

The automatic stay operates similarly with respect to acts against the *property of the debtor.* The automatic stay applies only if the acts are to collect on prepetition debt.

The third area of operation of the automatic stay is the protection it affords to *property of the estate.* The protection here is much broader and prohibits acts against property of the estate regardless of 'whether the debt arose before or after the filing of the petition.' (emphasis original)

*In re: Petruccelli,* 113 B.R. at 6 (citations omitted) [quoting *In re: Johnson,* 51 B.R. 439, 442 (Bankr.E.D.Pa.1985)]. Since the lawsuit and judgment obtained by American General was based on a post petition debt and brought against *the debtor,* § 362(a) did not apply and, therefore, there was no stay violation by American General in bringing its complaint against the debtor and obtaining a judgment on the post petition debt.

■ The issue outstanding is whether the stay of § 362(a) applies against the state court garnishment proceeding. If the debtor's post petition earnings remain property of the estate under § 1306(a)(2) the stay applies. If pursuant to the order of confirmation and § 1327(b) all property of the estate, which includes post petition earnings identified in § 1306(a)(2), revested in the debtor upon confirmation and are no longer property of the estate, the stay does not apply.

---

**1.** Section 1306(a)(2) provides:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title [11]— ...

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 of this title whichever occurs first.

**2.** 11 U.S.C. § 1327(b) provides:

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

**3.** For a thorough analysis of relevant reported decisions see *In re: Petruccelli,* 113 B.R. 5 (Bankr.S.D.Cal.1990).

894

'A basic doctrine of statutory construction declares that where possible, two statutes must be read so as to give meaning to each statute.'

Given that § 1306(b) gives debtors possession of property of the estate, § 1327(b) would be rendered meaningless if it were not found to vest title and ownership in the debtor upon confirmation (absent a provision to the contrary in the plan or order of confirmation).

*In re: Petruccelli, supra,* at 15 [quoting *Laughlin v. U.S. I.R.S.,* 98 B.R. 494, 496 (D.Neb.1989), *aff'd,* 912 F.2d 197 (8th Cir. 1990)].

The term *"vest,"* under § 1327(b), therefore, must mean more than simple possession. "Vest" as a legal term means to obtain the character or given the rights of absolute ownership. Black's Law Dictionary 1401 (5th ed. 1979). Section 1306 defines "property of the estate" for purposes of Chapter 13. This property includes the post petition earnings of the debtor. In this case, the post petition earnings of the debtor were submitted pursuant to the proposed plan to the supervision and control of the trustee and the debtor was required under the plan to pay to the trustee the sum of Sixty–Five and No/100 ($65.00) Dollars biweekly. The plan further provided that from the payments so received, the trustee was to make disbursements in accordance with the terms of the plan. The order of confirmation of April 24, 1990 required that "disbursements shall commence and be made by the Trustee on a monthly basis following this confirmation." The confirmed plan devoted a portion of the debtor's post petition earnings to claim payments. According to § 1327(b) and the order of confirmation, the property of the estate vested in the debtor. The bankruptcy estate did not disappear upon confirmation. To the contrary, the bankruptcy estate continues and consists of the post petition earnings of the debtor devoted to plan payments. *In re: Root,* 61 B.R. 984 (Bankr.D.Col.1986); *In re: Clark,* 71 B.R. 747 (Bankr.E.D.Pa.1987). However, under the terms of the debtor's plan and order of confirmation, only post petition earnings devoted to plan payments constitute post confirmation property of the estate and are protected under the stay of § 362(a). Under the terms of this plan, all other property of the estate vested in the debtor and became property of the debtor upon confirmation, which includes post petition earnings not devoted to plan payments.

This interpretation not only provides consistency between § 1306(a)(2) and § 1327(b) but also provides consistency with §§ 345(a), 347(a), 349(b)(3), 1302(b)(1) and 704(9).[4] The bankruptcy estate continues, but, under the facts of this case, consists solely of the post petition earnings of the debtor devoted to plan payments.

Having determined that the post petition earnings of the debtor not devoted to plan payments vested in the debtor at confirmation pursuant the order of confirma-

4. Those sections provide, relevant to this proceeding, as follows:

11 U.S.C. § 345(a):
A trustee in a case under this title [11] may make such deposit or investment of the *money of the estate* for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment.
11 U.S.C. § 347(a):
Ninety days after the final distribution under section ... 1326 of this title [11] in a case under chapter ... 13 of this title ... the trustee shall stop payment on any check remaining unpaid, *and any remaining property of the estate shall be paid* into the court and disposed of under chapter 129 of title 28.
11 U.S.C. § 349(b)(3):
Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title [11]— ...
(3) *revests the property of the estate* in the entity in which such property was vested immediately before the commencement of the case under this title.
11 U.S.C. § 1302(b)(1):
The trustee shall—
(1) perform the duties specified in [section] ... 704(9) of this title [11]....
11 U.S.C. § 704(9):
The trustee shall— ...
(9) make a final report and file a final *account of the administration of the estate* with the court and with the United States trustee.
(emphases added).
Sections 347, 345 and 349 are made applicable to Chapter 13 pursuant to § 103(a).

tion and § 1327(b) and are no longer property of the estate, but are property of the debtor, the stay of § 362(a) does not apply to the collection efforts of America General, a post petition creditor, to enforce payment of its debt by continuing garnishment under applicable state law to the exclusion of post petition earnings devoted to plan payments, which remain property of the estate. Relief from stay in order to continue garnishment of the debtor's post petition earnings to the exclusion of post petition earnings devoted to plan payments is unnecessary. American General is free to pursue its state remedies for collection of its judgment against the debtor, Gwendolyn B.J. McKnight, from property of the debtor to the exclusion of debtor's post petition earnings devoted to plan payments under the confirmed Chapter 13 plan. Motion for stay relief is ORDERED dismissed as moot.