**FLEETWOOD HOMES OF GEORGIA, Appellant,**

v.

**Terry R. MORRISON, Appellee.**

**No. CIV. A. CV500–67.**

**Bankruptcy No. 97–50713.**

United States District Court, S.D. Georgia, Waycross Division.

Nov. 17, 2000.

David A. Garland of Moore, Clark, Duvall & Rodgers, PC, Albany, GA, for plaintiff.

Clyde W. Royals, Douglas, GA, for defendant.

## *ORDER*

MOORE, District Judge.

On May 1, 2000, Judge James D. Walker, Jr. of the United States Bankruptcy Court for the Southern District of Georgia issued an order in favor of Appellee Terry Morrison, granting a motion for summary judgment. That order held that Appellant, Fleetwood Homes of Georgia, could not charge Appellee a fee to administer the salary deduction order issued as part of Appellee's chapter 13 plan. Appellant appealed the order, asserting several grounds of error, including a lack of subject matter jurisdiction in the bankruptcy court. Appellant also argues that Appellee's claims must fail as a matter of law. For the reasons set forth below, the order of the bankruptcy court is **VACATED** and the case is **DISMISSED** for lack of subject matter jurisdiction.

## BACKGROUND

Appellee filed for Chapter 13 bankruptcy relief on June 30, 1997, and his plan was confirmed on November 19, 1997. Appellee is employed by Appellant. First on July 9, 1997 and then again on December 12, 1997, the bankruptcy court entered an Order Upon Employer Directing Deductions from Income and Remittance of Deductions to Trustee ("the deduction order"). That order requires that Appellant withhold a portion of Appellee's salary and give those funds to the chapter 13 trustee. The trustee then distributes the money to Appellee's creditors until the debt is discharged and the case is closed or dismissed.

Appellant has complied with the deduction order, but began charging Appellee a

fee, to cover the cost of administering it.[1] The fee has ranged from $3.00 to $5.00 per paycheck. Appellant deducted the fee from the portion of Appellee's earnings that was actually paid to Appellee. The fee was not deducted from the portion of Appellee's salary directed to the trustee. The deduction order does not authorize the fee, but it also does not forbid it. Appellant did not seek any authorization from the bankruptcy court before charging the fee.

Appellee filed a complaint on September 1, 1999 seeking to hold Appellant in contempt for violating the automatic stay and seeking turnover of the amounts deducted as fees. On January 19, 2000, Appellee filed a motion for summary judgment. In the motion, he argued that the money from which the fee was deducted is property of the debtor's estate, and therefore, Appellant is prohibited from taking the funds by the automatic stay. Appellant opposed the motion in a brief filed on February 2, 2000, claiming that the fee is not part of the estate and is not subject to the automatic stay or a turnover action. Appellant also claimed that if the deduction order were interpreted to prohibit the fee, the deduction order would violate Appellant's right to due process.

A hearing was held before Judge Walker on February 23, 2000. During that hearing, Judge Walker stated that he would grant a motion for an injunction against Appellant if filed, and Appellee filed a motion for a permanent injunction on March 2, 2000. The motion was denied on March 30, 2000, but on May 1, 2000, the court granted Appellee's motion for summary judgment and entered a permanent injunction against Appellant. The court also ordered Appellant to refund the deducted fees.

Appellant filed this appeal contending that the bankruptcy court does not have subject matter jurisdiction to hear this case. Appellant also claimed that even if the court has jurisdiction, because the fee is not property of the estate, it is not subject to the automatic stay or turnover relief. Furthermore, Appellant reiterates that interpreting the deduction order to prohibit the fee violates Appellant's due process rights. Finally, Appellant argues that the bankruptcy court was not authorized to issue the injunction. Appellee did not file a brief in response.

## DISCUSSION

### I. Standard of Review

A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *See* Fed. R. Bankr.P. 8013; *Bush v. Balfour Beatty Bahamas, Ltd.,* 62 F.3d 1319, 1322 (11th Cir.1995). The court's conclusions of law are reviewed de novo. *Bush,* 62 F.3d at 1322. The central issue on this appeal is whether the fee at issue is property of the bankruptcy estate. "The proper construction of the Bankruptcy Code, whether by the bankruptcy court or the district court, is a matter of law," subject to de novo review. *Meehan v. Wallace (In re Meehan),* 102 F.3d 1209, 1210 (11th Cir.1997).

### II. Whether the bankruptcy court has jurisdiction.

This Court concludes that the bankruptcy court does not have jurisdic-

---

**1.** The bankruptcy court stated that if Appellee had agreed to reimburse Appellant for this type of expense as a condition of employment, that obligation would be a pre-petition debt subject to the automatic stay. *Morrison v.* *Fleetwood Homes of Georgia (In re Morrison),* 250 B.R. 456, 458 n. 1 (Bankr.S.D.Ga.2000). Because neither side has asserted that this is the case, the Court will assume that such an agreement does not exist.

tion to hear this cause of action. Bankruptcy courts are courts of limited jurisdiction. *See Northern Pipeline v. Marathon,* 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982). They are not designed to "bring into federal court matters that should be left for the states to decide." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 787–88 (11th Cir.1990). Therefore, bankruptcy courts may only hear cases "arising under title 11," "arising in" a case under title 11, or "related to" a case under title 11. 28 U.S.C. § 1334. Within those three categories, the bankruptcy court may issue a final ruling only in cases "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). These are considered "core proceedings." Cases in the third category, those "related to" a case under title 11, are non-core proceedings. While the bankruptcy court has jurisdiction over these matters, the court may not issue a final ruling, and instead must submit proposed findings to a district court. 28 U.S.C. § 157(c).

In the opinion that follows, the Court will explain why the bankruptcy court does not have jurisdiction in this case. Specifically, the Court will explain why this is not a core proceeding, and why no grounds have been asserted under which this case may be heard as a non-core proceeding. Further, the Court will explain why the case must be dismissed even if Appellee had alleged jurisdiction over the matters in this case.

### A. *Whether this is a core proceeding.*

■ The bankruptcy court stated that this dispute involves a core matter. This Court disagrees. A core matter is one that "invokes a substantive right provided by title 11" or "could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th

Cir.1987), cited in *Continental National Bank v. Sanchez (In re Toledo),* 170 F.3d 1340, 1348 (11th Cir.1999). Section 157(b)(2) does not define what types of proceedings are "core proceedings," but does provide a nonexclusive list of examples. *Id.* at 95; *see also* 28 U.S.C. § 157(b)(2)(A)-(O) (1999). In this case, the bankruptcy court points to subsections (A) and (E) as the basis for core matter jurisdiction. Section 157(b)(2)(A) gives the court jurisdiction over "matters concerning the administration of the estate," and (E) grants jurisdiction over "orders to turn over property of the estate."

Two specific arguments for jurisdiction were asserted in the bankruptcy proceeding. The first was from Appellee. In his Brief in Support of Motion for Summary Judgment, Appellee stated, "[i]n order for the court to have jurisdiction the post petition earnings of the plaintiff must be property of the debtor's estate." Appellee argued in his motion for summary judgment that the fee deducted by Appellant is property of the bankruptcy estate, thus giving the court jurisdiction.

A different ground for jurisdiction was suggested by the final order from the bankruptcy court. The court stated that because the court has authority to assure compliance with its order, the fact that Appellant charged the fee while administering the order also creates jurisdiction. While the bankruptcy court alleges that these grounds render this a core proceeding, this Court disagrees that either ground creates jurisdiction in this case.

### 1. *Whether the fee is property of the estate.*

■ As the bankruptcy court noted, the fee deducted by Appellant is not part of

the bankruptcy estate.[2] The fee is taken from the portion of Appellee's salary that goes directly to the debtor instead of to the chapter 13 trustee. In the proceedings below, Appellee argued that even though it is paid to the debtor, this income is still property of the estate. Appellee's argument was based on an interpretation of 11 U.S.C. § 541(a)(6) found in *In re Ballard*, 238 B.R. 610 (Bankr.M.D.La. 1999). In that case, the language of 541(a)(6) was interpreted to exclude from the estate only those earnings paid to the debtor from the estate itself.[3] Appellee also cited 11 U.S.C. §§ 1306(a)(2)[4] and 1327(b)[5] as support for his contention that a debtor's income not devoted to the plan remains property of the estate, though he did not explain why these provisions mandate the result he seeks.

The Eleventh Circuit decision in *Telfair v. First Union Mortgage Corp.* clarified that Appellee's interpretation is not a proper reading of the Bankruptcy Code, and that these fees are not property of the estate. 216 F.3d 1333 (11th Cir.2000). The *Telfair* court stated that the provisions cited by Appellee must be read in conjunction with § 1306(b) which states, "Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 1306(b) (1999); *Tel-*

*fair*, 216 F.3d at 1339–40. Because reading these different provisions does not yield a clear directive as to what property is property of the estate, several courts have attempted to resolve this apparent inconsistency in the Code. *Telfair*, 216 F.3d at 1340. As a result, three approaches have emerged to differentiate estate from non-estate property. *Id.* One approach finds that all property of the estate ceases to be property of the estate upon confirmation and becomes the property of the debtor. *Id.* (citing *In re Petruccelli*, 113 B.R. 5, 15 (Bankr.S.D.Cal. 1990)). A second approach holds that all property of the estate remains property of the estate until discharge, dismissal or conversion of the bankruptcy. *Id.* (citing *In re Kolenda*, 212 B.R. 851, 853 (W.D.Mich.1997)).

The third approach is a compromise between the first two and is the approach adopted by the Eleventh Circuit in *Telfair*. This approach "regards only that property necessary for the execution of the plan as remaining property of the estate after confirmation." *Id.* (citing *In re Heath*, 115 F.3d 521, 524 (7th Cir.1997); *In re McKnight*, 136 B.R. 891, 894 (Bankr. S.D.Ga.1992)). Other property returns to the debtor if it " 'is not necessary to the fulfillment of the plan.' " *Id.* (quoting *Heath*, 115 F.3d at 524). In other words,

2. Judge Walker stated, "I can't imagine a circumstance where the money you're deducting from the debtor's wage pursuant to the salary deduction order is thought of as property of the estate." (Transcript of Motions and Objections, from hearing on 2/23/00, p. 22.)

3. Section 541(a)(6) lists as property of the estate "[p]roceeds, product, offspring, rents, and or profits of or from property of the estate, except such earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6) (1999).

4. "Property of the estate includes, in addition to the property specified in section 541 of this title ... earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11 or 12 of this title, whichever comes first." 11 U.S.C. § 1306(a)(2) (1999).

5. "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b) (1999).

money that does not go towards paying the plan is not property of the estate. *Id.* ("[A]fter confirmation, only the amount required for the plan payments remained property of the estate.").

Applying the Eleventh Circuit's approach to this case, because the money from which the fee was deducted is the portion that goes to the debtor and not to the payment plan, the fee is not property of the estate. Therefore, that this money is property of the estate is not a basis for jurisdiction in the bankruptcy court.

> 2. *Whether the deduction order creates jurisdiction when Appellant is in compliance.*

 In its opinion, the bankruptcy court recognized that the fee in this case is not property of the estate. However, the court stated that this case does not turn on that issue. Instead, the court held that "this case raises the more fundamental issue of Appellant's duty to comply with the orders of this Court." *Morrison*, 250 B.R. at 459. By identifying this as a core proceeding, the bankruptcy court suggests that when a party is not complying with a court order and the order needs to be enforced, the bankruptcy court has core matter jurisdiction to remedy such noncompliance. This Court agrees that the need to enforce an order would create core matter jurisdiction in the bankruptcy court. However, because Appellant complied with the deduction order, this Court does not find that the bankruptcy court has any jurisdiction over the dispute in this case.

As the bankruptcy court stated, Appellant has no choice but to comply with an order from the court. Failure to do so would subject the Appellant to the bankruptcy court's contempt power. However, no lack of compliance has been alleged in this case. In fact, the bankruptcy court

recognized that Appellant had fully complied with all directives listed in the court's order. Appellant has withheld money from Appellee's salary and has made timely payments to the estate's trustee. Further, Appellant has done nothing that was explicitly forbidden by the order. Nothing in the order required Appellant to incur the costs of compliance. Nothing in the order directed Appellant to seek relief in the bankruptcy court before passing along fees to the debtor. Moreover, no evidence has been offered, nor has any argument been made, that Appellant's compliance is contingent on the court allowing Appellant to collect the fee. No one has suggested that Appellant would administer the order any differently if Appellant were declared legally able or unable to charge Appellee the fee. Appellant has fully complied with the order it received from the bankruptcy court. Therefore, the need to enforce its order does not give jurisdiction to the bankruptcy court.

While the bankruptcy court does not claim that the deduction order contained an explicit directive about who should pay the costs of its administration, the court does suggest that Appellant should have known that Appellant must bear the costs or seek a remedy from the court. The bankruptcy court cited two cases for the proposition that parties subject to court orders are responsible for ensuring their own compliance and shouldering the costs of that compliance. *See In re Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1557 (11th Cir.1996); *Sizzler Fam. Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir.1986). However, in both those cases, the parties shifting the costs were not complying with the orders of the court. Instead, they were defying the courts' instructions and were forcing other parties to bear the costs of that noncompliance. Here, Appellant has

fully complied with the order. Appellant has not created and then passed along any costs to Appellee in violation of bankruptcy law. Therefore, even if Appellant should have read the cases that the bankruptcy court cited, nothing in those cases mandates the result the bankruptcy court demands here.

Appellant received the order with no instruction on paying the costs of administration. While the bankruptcy court may not like Appellant's approach, nothing from the bankruptcy court or under general bankruptcy law requires that Appellant react any differently. Because Appellant is complying with the order, Appellant's actions do not bring this case within the core jurisdiction of the bankruptcy court.

This Court concludes that neither basis addressed in the sections above gives the bankruptcy court core matter jurisdiction in this case. Because the funds are not property of the estate, Appellee is not enforcing a substantive right created by federal bankruptcy law. Instead, Appellee's claim is based on the general notion that a person should not be allowed to take money from another without authorization. This issue is not unique to the bankruptcy context. Therefore, the matters in dispute here do not create core jurisdiction in the bankruptcy courts.

**B. *Whether this is a non-core proceeding.***

██ Appellee has also failed to prove that non-core jurisdiction exists in this case. In the absence of core matter jurisdiction, a non-core proceeding is the only opportunity for a bankruptcy court to hear the dispute.[6] A matter is non-core if it does not arise under a bankruptcy case, but is "otherwise related to a case under title 11." 28 U.S.C. § 157(c). A proceeding is related to bankruptcy if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)); *see also Heath*, 115 F.3d at 524 (holding that if dispute involves funds that are not property of estate, it cannot be maintained in the bankruptcy court unless it is "related to" the bankruptcy proceeding, which means it is likely to affect the debtor's estate). The outcome affects the estate when "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)," and when the action "impacts upon the handling and administration of the bankrupt estate." *Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor*, 743 F.2d at 994). An effect on the debtor is not enough; the matter must impact the estate itself. *See Wood*, 825 F.2d at 94.

██ Neither Appellee nor the bankruptcy court has offered any basis for non-core jurisdiction. No argument or evidence has been offered to suggest that the bankruptcy court might have "related to" jurisdiction, either for one of the reasons discussed above or for some other reason. No one has stated that charging this fee might somehow affect the bankruptcy estate. Without further evidence, this Court has no basis on which to find that the bankruptcy court has jurisdiction to hear this case. The case must be dismissed for lack of subject matter jurisdiction.

**III. *Whether Appellee has stated a claim upon which relief can be granted.***

██ Even if Appellee had shown that the bankruptcy court has jurisdiction, the

---

6. As stated above, the practical difference between core and non-core proceedings is the ability of the bankruptcy court to issue a final order in a core proceeding. 28 U.S.C. § 157(b)(1). In an non-core proceeding, the bankruptcy court must submit proposed findings to the district court. 28 U.S.C. § 157(c).

case would still be dismissed. In their complaint, Appellee asserted that the fee violates the automatic stay and is therefore subject to turnover. The automatic stay, however, only applies if the fee is property of the estate. *See* 11 U.S.C. § 362(a) (1999). As discussed above, this fee is not property of the estate. *See supra* Part II.A.1. Therefore, Appellee is not entitled to the relief he seeks in his complaint. *See Hope v. General Finance Corp. of Georgia (In re Kahihikolo),* 807 F.2d 1540, 1543 (11th Cir.1987) (holding that because property was no longer property of the estate, the court could not order turnover). Appellee has not amended his complaint or asserted any other cause of action. Because the bankruptcy court is unable to award relief under the claims asserted in Appellee's complaint, this is further reason why the case must be dismissed.

### IV. *Appellant's Other Claims.*

Appellant asserts two other claims in this case. First, Appellant contends that interpreting the deduction order to forbid charging the fee denies Appellant due process by taking property without a prior hearing. Second, Appellant claims that because the bankruptcy court did not apply the four factor test for granting an injunction and did not make specific findings on the need for an injunction, the injunction was improper. Because the bankruptcy court's opinion is vacated and the case dismissed, this Court deems those arguments moot and will not address either at this time.

### CONCLUSION

Neither of the offered grounds for jurisdiction actually create bankruptcy court jurisdiction in this case, and no other basis for jurisdiction has been suggested. As a result this case must be dismissed. The order of the bankruptcy court shall be **VACATED** and the case **DISMISSED** for lack of subject matter jurisdiction.