In re Michael J. CARTER, a/k/a Mike Carter, Rebecca Carter, Debtors.

No. 95–30217.

United States Bankruptcy Court,
S.D. Georgia,
Dublin Division.

Jan. 18, 2001.

Thomas R. Taggart, Attorney at Law, Savannah, Georgia, for debtor.

### *ORDER*

JOHN S. DALIS, Chief Judge.

By motion, Michael J. Carter and Rebecca Carter ("Debtors") seek to reopen their Chapter 13 case pursuant to 11 U.S.C. § 350(b) to amend their schedules to reflect a tort claim that arose almost three years post-confirmation. Because the tort claim was not property of the

estate, the motion to reopen is denied as unnecessary.

Bankruptcy Code § 350(b) states in pertinent part: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (1997).

The decision to reopen rests within the sound discretion of the Court. *In re Shondel,* 950 F.2d 1301 (7th Cir.1991). The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A) & (O).

The facts are as follows. On July 6, 1995, Debtors filed a Chapter 13 case and proposed a plan to pay creditors 100% of their claims. The plan was confirmed on November 21, 1995. Debtors having fulfilled their plan received a discharge on April 18, 2000 and the case was closed on May 10, 2000.

On October 17, 1998, the debtors were involved in an automobile collision. Debtors filed suit against the driver of the other vehicle on December 2, 1999. The driver, defendant in the tort action, filed a motion for summary judgment based upon the doctrine of judicial estoppel asserting that Debtors had taken the position that they had no tort claim in the bankruptcy proceeding because their schedules did not list it.

Judicial estoppel precludes a party from asserting inconsistent positions in different judicial proceedings. *Reagan v. Lynch,* 241 Ga.App. 642, 524 S.E.2d 510 (1999). The doctrine of judicial estoppel does not apply in this case because the debtors have not asserted a position in one judicial proceeding which is inconsistent with a position asserted in an earlier judicial proceeding. At the time the debtor's case and schedules were filed no tort claim existed. At the time the tort claim arose, the debtors' plan was already confirmed and all property that was not necessary for the maintenance of the plan became property of the debtors and no longer property of the bankruptcy estate. 11 U.S.C. § 1327(b) (1997); *Telfair v. First Union Mortgage Corp.,* 216 F.3d 1333, 1341 (11th Cir.2000). Bankruptcy Code § 1327(b) states in pertinent part: "except as otherwise provided in the plan or the order confirming the plan, the *confirmation of a plan vests all of the property of the estate in the debtor.*" 11 U.S.C. § 1327(b) (1997) (emphasis added). In *Telfair,* the court adopted the "estate transformation" approach as the law of the Eleventh Circuit, whereby Bankruptcy Code § 1306(a)(2) and 1327(b) are read to mean that "the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." 216 F.3d at 1341.

In the case sub judice, confirmation occurred in November 1995. Applying *Telfair,* any property interest acquired by the debtors after November 21, 1995, not necessary to fulfill the plan, became property of the debtors. The tort claim arose in October 1998, almost three years after confirmation and was not necessary for the plan; therefore, the claim was not property of the bankruptcy estate. Furthermore, even if the case had been converted to a Chapter 7 case, the tort claim would not be property of the estate under 11 U.S.C. § 348(f)(1).[1] Because the tort claim was not and could not have been bankruptcy estate property the motion to reopen

---

1. 11 U.S.C. § 348(f)(1) states in pertinent part:

    Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
    (A) *property of the estate* in the converted case *shall consist of property of the estate, as of the date of filing of the petition,* that remains in the possession of or is under the control of the debtor on the date of conversion; and
    (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan. (Emphasis added).

must be denied. Judicial estoppel is inapplicable because the post plan confirmation tort claim was simply not involved in the bankruptcy case. The debtors had no reason much less obligation to disclose it. The tort claim belongs to the debtors and not the bankruptcy estate.

In their brief, Debtors cite *Johnson v. Trust Co. Bank*, 223 Ga.App. 650, 478 S.E.2d 629 (1996), in which judicial estoppel did not apply because the debtors had requested their case to be reopened to amend the petition to reflect the potential tort claim. In *Johnson*, the debtor's interest in the tort claim arose pre-petition and then post filing sought to reopen the case to amend. Likewise, in the cited case of *Harper v. GMAC Mortgage Corp.*, 245 Ga. App. 729, 538 S.E.2d 816 (2000), the tort arose pre-petition and the debtors refused to amend their schedules and therefore

judicial estoppel applied.[2] Whereas in this case, the tort claim arose almost three years post filing and plan confirmation. Based upon the facts of this case, it is unnecessary to reopen the case because the tort claim does not and could not belong to the bankruptcy estate nor be part of the bankruptcy case. The debtors have no reason or obligation to amend their schedules to disclose it. Judicial estoppel has nothing to do with the tort claim.

Therefore, the debtors' motion to reopen their Chapter 13 case is ORDERED DENIED.

**2.** If Debtors' tort claim existed before filing then amending the schedules would be appropriate because then the claim would belong to the bankruptcy estate. Even though the debtor might be judicially estopped from asserting a pre-petition unscheduled tort claim, the tort claim remains an asset of the bankruptcy estate and the case trustee, the true party in interest, could and should be substituted in the state court tort action as the proper party plaintiff. Judicial estoppel could not apply to the case trustee.