**In re Albert BROWN, Debtor.**

**No. 00–50564 JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 12, 2001.

@=35

Danny L. Akin, Akin & Webster, Macon, GA, for the Debtor.

Camille Hope, Macon, GA, Chapter 13 Trustee.

### *MEMORANDUM OPINION*

JAMES D. WALKER, Jr., Bankruptcy Judge.

Albert Brown ("Debtor") requests that he be allowed to amend Schedule B of his petition to include an unliquidated claim for personal injury that arose out of an automobile accident that occurred on August 19, 2000, and requests that he be allowed to amend Schedule C to include this claim as exempt under Ga.Code Ann. § 44–13–100(a)(11)(D). The Chapter 13 Trustee ("Trustee") objects to the amendment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052 and sustains the Trustee's objection.

### *Findings of Fact*

Debtor filed a Chapter 13 bankruptcy petition with the Court on February 14,

2000. Debtor's schedules projected a monthly income of $2,675, monthly expenses of $2,263, and listed certain assets and liabilities. On July 27, 2000, the Court entered an order confirming Debtor's plan. The plan required Debtor to make 51 monthly payments of $410. On August 19, 2000, Debtor incurred personal injuries in an automobile accident. As a result, on August 25, 2000, Debtor filed an amendment to add an unliquidated claim for personal injury to his list of personal property in Schedule B of his petition and to add the claim to his list of property claimed as exempt in Schedule C of his petition. On September 22, 2000, Trustee filed a timely objection to this amendment stating that Debtor was attempting to exempt a postpetition asset which could not be exempted.

### Conclusions of Law

■ Bankruptcy Rule 4003 requires a debtor to list the property claimed as exempt pursuant to Section 522 of the Code. A debtor must list the assets in the schedules as required under Rule 1007 if the debtor wishes to assert any exemptions in the bankruptcy case. *In re Rhinebolt*, 131 B.R. 973 (Bankr.S.D.Ohio 1991). Bankruptcy Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a) (Law. Co-op.1994). An amendment which claims exemptions not included in the original

petition may be allowed while the case remains open. *In re Blaise*, 116 B.R. 398 (Bankr.D.Vt.1990). Debtor has filed an amendment claiming an exemption while his case remains open, therefore Debtor is free to amend his schedules. However, Rule 4003(b) provides that the Trustee may object to Debtor's amendment claiming an exemption within 30 days of filing the amended claim.[1] Because the Trustee has made such timely objection, the Court now turns to the question of whether the claim of exemption should be allowed.

■ Section 522 of the Code defines the property that may be claimed as exempt in bankruptcy cases. It states in pertinent part, "[A]n individual debtor may exempt from property of the estate ... [a]ny property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition...." 11 U.S.C. § 522(b)(2)(West 1994).[2] Georgia law provides that "[A]ny debtor who is a natural person may exempt, ... for purposes of bankruptcy ... the debtor's right to receive, or property that is traceable to ... a payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." Ga.Code Ann. § 44–13–100(a)(11)(D) (1982). Debtor's claim of personal injury as a result of the automobile accident would appear to be exemptible under the provisions of the Georgia Code. However, in order for such a claim

---

1. Rule 4003(b) states in pertinent part:
   (b) Objections to Claim of Exemptions. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

Fed.R.Bankr.P. 4003(b) (Law. Co-op.1994).

2. Federal law allows states to "opt out" of the federal exemption scheme by enacting state exemption provisions defining the property that may be claimed as exempt by persons filing within the state. Georgia has chosen to "opt out."

to be exemptible, it must be property of the estate.

■ Section 541(a)(1) of the Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case," and includes any interests in causes of action such as for personal injury. 11 U.S.C. § 541(a)(1)(West 1994). In the context of a Chapter 13 bankruptcy, Section 1306(a)(1) of the Code further defines property of the estate. "Property of the estate includes, in addition to the property specified in section 541 of this title—all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." 11 U.S.C. § 1306(a)(1)(West 1994).

In this case, Debtor filed a Chapter 13 bankruptcy petition on February 14, 2000, and the Court entered an order confirming Debtor's plan on July 27, 2000. Debtor was in an automobile accident on August 19, 2000. Accordingly, Debtor's after acquired claim would appear to be considered property of the estate for exemption purposes under Section 522. However, since Debtor's claim arose after Debtor's plan was confirmed, Section 1327(b) of the Code dealing with the effect of confirmation on bankruptcy cases must also be considered.

Section 1327(b) states, "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor," and Section 1327(c) states, "Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(b)-(c)(West 1994). Taking these

sections of the Code into consideration, Debtor's claim would not appear to be property of his estate, because at the time of confirmation all property of the estate was re-vested in Debtor.

This apparent inconsistency in the Code was addressed in *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000). There, the court stated "[we] read the two sections, 1306(a)(2) and 1327(b), to mean simply that while the filing of the petition for bankruptcy places all of the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *Telfair*, 216 F.3d at 1340 (quoting *In re Heath*, 115 F.3d 521, 524 (7th Cir.1997)). The court went on to note that after confirmation, all that remained as property of the estate was the income required for plan payments. Everything else was property of the debtor. *Id.* Recently, the Southern District of Georgia demonstrated the application of this approach in *In re Carter.* There, the debtors moved to reopen their case and amend their schedules to reflect a tort claim that arose after their Chapter 13 bankruptcy plan had been confirmed. Citing *Telfair*, the court found that the claim was not property of the estate and denied the debtors' motion. *In re Carter*, 258 B.R. 526 (Bankr.S.D.Ga.2001)(order denying motion to reopen bankruptcy case).

In the case at hand, the plan confirmed on July 27, 2000, required Debtor to pay $410 each month for 51 months to Trustee to be disbursed to his creditors. At the time of filing his petition, Debtor had a projected monthly income of $2,675 and projected monthly expenses of $2,263, leaving $412 of disposable income available to contribute to the estate for disbursement to creditors. Since Debtor's payments under the plan are slightly less than the income Debtor has available to contrib-

ute to the estate for such payments, this income is all that is required to remain as part of the estate after confirmation of the plan. In accordance with *Telfair*, any other property is vested in Debtor and is not considered property of the estate. Therefore, Debtor's personal injury claim is not exemptible because it is not property of the estate.[3]

**3.** It is important to note, however, that this decision is a narrow one. It is not intended to address the question of whether the monetary compensation acquired from such personal injury claim would significantly change the amount of disposable income of Debtor to warrant a modification of the plan under Section 1329 of the Code. It is not intended to address the question of whether exempt property that is converted into disposable income would warrant a modification of the plan under Section 1329 of the Code. It is also not intended to address the issue dealt with in *In re Carter* of whether by not amending the bankruptcy schedules to reflect a tort claim, a debtor is judicially estopped from bringing a separate tort action. *In re Carter*, 258 B.R. 526 (Bankr.S.D.Ga.2001). While the judicial estoppel issue is not before the Court in this case, it was before the Supreme Court of Georgia recently in the case of *Wolfork v.* *Tackett*, 273 Ga. 328, 540 S.E.2d 611 (2001). In that case, the court considered whether a Chapter 13 debtor was required to amend the schedules to list a tort claim acquired after confirmation. Reading the opinion in this case and *Carter*, it would appear that such amendment is not required to be filed. On the other hand, if the property acquired after confirmation could trigger a disposable income review, the failure to list the property may frustrate an important objective of Chapter 13, the submission of all disposable income for a period of three years. The extension of the holding of *Telfair* in this case and in the *Carter* case is at odds with the understanding of the Georgia Supreme Court in *Wolfork* that a Chapter 13 debtor's disposable income, including income from claims acquired after confirmation and before the case is closed, is to be used to pay creditors.