**In re Keith Dewayne BARBER, Debtor.**

**Bankruptcy No. 97–74133.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 28, 1998.

Pilar A. Cano, Clark & Washington P.C., Atlanta, GA, for Debtor.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This case is before the court on (1) an order for Debtor's attorney to show cause why sanctions should not be imposed, (2) the application of Debtor's special counsel for compensation, (3) Trustee's objection to Debtor's exemptions, and (4) Trustee's application for compensation. Hearing was held January 8, 1998. For the reasons set forth below, special counsel's application for compensation is granted and Trustee's objection to Debtor's exemptions is sustained.

On or about February 10, 1997, Debtor was injured in a motor vehicle collision. On February 25, 1997, Debtor employed Gerri C. Phillips to represent Debtor in a personal injury action arising as a result of the collision. At the time of Debtor's injury, Debtor's prior Chapter 13 case, filed December 16, 1996, was pending in this court, Case Number 96–79994. Debtor's Chapter 13 plan in that case had been confirmed by order entered February 7, 1997. The case was dismissed by order entered April 16, 1997.[1] Debtor did not advise Ms. Phillips of

---

1. On June 4, 1997, Debtor attempted to convert his case by filing a notice of conversion but, as the case had been dismissed almost two months earlier, the notice of conversion was stricken.

Debtor's pending Chapter 13 case until after it was dismissed.

Debtor also did not advise Ms. Phillips when Debtor filed this Chapter 7 case August 8, 1997, and Ms. Phillips apparently never asked.[2] Debtor had informed his bankruptcy attorney[3] of his personal injury claim at the time it occurred but Debtor's bankruptcy attorney failed to take any action in the first case to amend the Schedules[4] or file an application to approve the employment of special counsel. Although Debtor's bankruptcy attorney knew, or should have known, of the personal injury action at the time the second bankruptcy case was filed, the existence of the personal injury claim was not disclosed until the September 11, 1997, § 341(a) meeting of creditors, under questioning by Trustee. Again, Debtor's attorney failed to amend the Schedules to disclose the existence of the claim or to exempt it. Debtor's attorney also failed to consult with the Chapter 7 Trustee regarding approval of the employment of special counsel.[5]

On or about October 16, 1997, Trustee sent a letter to Ms. Phillips inquiring about the status of the personal injury action. Debtor communicated with Ms. Phillips shortly thereafter and advised Ms. Phillips that he was dismissing his bankruptcy case. A handwritten dismissal signed by Debtor *pro se* was filed October 22, 1997. Trustee filed an objection to Debtor's motion and the motion was denied without hearing by order entered November 14, 1997, on the grounds that the motion was not accompanied by a certificate of service and was not filed by Debtor's attorney.

On October 22, 1997, Debtor's attorney promised to file for Ms. Phillips the necessary application for approval of her employment and sent her instructions for providing the necessary affidavit. Her response was not a usable affidavit. On October 23, 1997, Trustee demanded of Ms. Phillips payment to Trustee of the full amount of the proceeds from the settlement of the personal injury action, which had settled on or about October 13, 1997. Trustee refused Ms. Phillips' request to retain her fee and hold the balance of the proceeds in her escrow account; therefore, on or about October 31, 1997, Ms. Phillips mailed the settlement proceeds to Trustee. On November 14, 1997, Ms. Phillips filed a Motion for Payment of Administrative Expenses. On November 24, Debtor's attorney sent additional instructions to Ms. Phillips regarding the affidavit. Finally, on November 26, 1997, Debtor filed an amendment to his Schedules, adding the proceeds from the personal injury action as an asset, adding several creditors for medical services arising

---

2. Any member of the public may call the Bankruptcy Clerk's Voice Case Information Service (VCIS) to verify whether a person has filed a bankruptcy case; a search requires either the debtor's name or a case number. The VCIS telephone numbers are (A)(404) 215–1000, press "3" for Case Information and "1" for information by voice, (B)(404) 730–2866 direct, or (C) 1(800) 510–8284. Retrievable information includes either the debtor's name or case number, date filed, assigned judge, chapter, debtor's attorney name and telephone number, and other more detailed information. Information may be retrieved by a touch-tone telephone or by speaking with a clerk. Case information including the case docket, claims register, case reports and Federal Records Center information may also be obtained in person at the courthouse, or online by computer and modem from Public Access to Court Electronic Records ("PACER"). Use of PACER may be obtained by telephoning (800) 676–6856 to register and receive a password.

3. Debtor employed the same law firm, Clark & Washington, to represent him in both his bankruptcy cases.

4. Bankruptcy Rule 1007 requires a debtor to file a statement of financial affairs, schedules of assets and liabilities, a schedule of current income and expenditures, a statement of intention (regarding property claimed as exempt) and a schedule of executory contracts and unexpired leases (the "Schedules"). **The Statement of Financial Affairs at item # 4 requires a debtor to disclose pending lawsuits and item # 8 requires a debtor to disclose losses such as an auto accident; Schedule B requires debtors to disclose personal property assets, including, at subpart 20, claims, which would include the right to payment to be liquidated by a settlement or a lawsuit.** *See* 11 U.S.C. § 101(5).

5. Pursuant to 11 U.S.C. § 327, to the extent that the personal injury claim was property of the estate, the special counsel would have been employed by the Chapter 7 Trustee. Upon filing a Chapter 7 proceeding, all pending lawsuits are assets held by the Chapter 7 Trustee for the benefit of creditors.

from the personal injury, and exempting $12,854.00 of the personal injury proceeds. In response, this court entered an order December 3, 1997, setting a hearing on Ms. Phillips' application and requiring Debtor's attorney to appear and show cause why compensation to Debtor's attorney should not be reduced for failure to disclose the personal injury claim.

Trustee timely filed an objection to Debtor's claim of exemptions on the grounds that Debtor knew of the existence of his personal injury claim before this case was filed and yet failed to include it in his Schedules. Trustee attached to her objection a letter to Debtor from Debtor's attorney which showed that Debtor was resisting producing tax returns requested by Trustee and providing information to Debtor's attorney regarding the personal injury claim. The letter acknowledged Debtor's preference for dismissal rather than cooperating with the Trustee, but cautioned Debtor that he could not dismiss his case without Trustee's consent.

 Bankruptcy Rule 1009 provides that a debtor's lists or Schedules may be amended "as a matter of course at any time before the case is closed." The permissive approach of Bankruptcy Rule 1009 does not, however, deprive the bankruptcy court of the discretion not to allow amendments if the amendment would prejudice creditors; if the debtor has acted in bad faith; or if the debtor concealed assets. *In re Talmo*, 185 B.R. 637 (Bankr.S.D.Fla.1995). Concealment of an asset can bar exemption of that asset. *Doan v. Hudgins*, 672 F.2d 831 (11th Cir. 1982); *In re Yonikus*, 996 F.2d 866 (7th Cir.1993); *In re St. Angelo*, 189 B.R. 24 (Bankr.D.R.I.1995). *See also, In re Williams*, 197 B.R. 398 (Bankr.M.D.Ga.1996).

In the instant case, it appears that Debtor's attorney was informed by Debtor of the personal injury claim and the identity of Ms. Phillips on March 18, 1997 (while the prior Chapter 13 case was still pending), but failed to amend the Schedules in the prior case, failed as a matter of professional courtesy to notify Ms. Phillips of the necessity of bankruptcy court approval of her employment, failed to include the personal injury claim in the Debtor's Schedules in either the prior

case or the instant case, failed to amend the Schedules, as promised, once the existence of the personal injury claim surfaced at the § 341 meeting, and failed to explain to Debtor the significance of the personal injury claim to his bankruptcy case(s) and to impress upon Debtor the need for full disclosure. Debtor never disclosed the existence of his bankruptcy case to his personal injury attorney, Debtor resisted the Trustee's efforts to obtain information about the claim and Debtor himself went so far as to file his own motion to dismiss. Debtor's choice to dismiss this case is not logical in view of the fact that the claims against Debtor, even excluding the Chapter 7 Trustee's fee, are greater than the amount of the settlement. Unless Debtor planned to conceal the settlement proceeds from his creditors, the benefit of allowing the Chapter 7 Trustee to distribute the proceeds to creditors and Debtor receiving a discharge as to the portion of those claims which thereafter remained unpaid is significantly greater than the advantages of dismissal. The evidence—including Debtor's frequent calls to Ms. Phillips regarding the status of settlement negotiations before and after filing the Chapter 7 case in August—and reasonable inferences therefrom support a conclusion that Debtor intended to conceal the personal injury claim as an asset.

 The evidence also shows that Ms. Phillips is entitled to payment of her one-third contingency fee as an administrative expense. The settlement of $18,000.00 was obtained as a result of her efforts. Debtor had agreed to pay her one-third of the gross proceeds and that amount appears reasonable under the circumstances. Although Ms. Phillips failed to take action to discover whether Debtor had filed a bankruptcy case, it does not appear such action is standard among personal injury lawyers (although it should be) and Ms. Phillips was diligent in attempting to comply with the requirements of the Bankruptcy Code once she was informed of this case.

Attorney for Trustee has expended time equal to $250.00. Because the compensation requested is less than $500.00, notice and hearing of the application for compensation is

not required. *See*, Bankruptcy Rule 2002(a)(6). Pursuant to the principles set forth in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), the requested compensation appears reasonable.

 The Trustee's application for compensation shows time expended thus far in the case equal to $1,501.50. Trustee reports she has on hand $18,015.39. The statutory fee to which Trustee would be entitled based on that amount is $2,051.54. No notice of hearing on Trustee's application for compensation has been sent to creditors, however. Therefore, no award of fees to Trustee is appropriate at this time. Additionally, Trustee may expend additional time to administer the funds she now has on hand for distribution to creditors and thus should supplement her application for compensation. Therefore, Trustee's application for compensation will be deferred until the end of the case.

As noted above, Debtor's attorney failed to properly disclose Debtor's personal injury claim in Schedules B, C, and F and the Statement of Financial Affairs and failed either to obtain Debtor's cooperation in amending those Schedules immediately after the § 341 meeting of creditors or to take other appropriate action at that time. As a result of the lack of diligence by Debtor's attorney, Trustee, Ms. Phillips, and this court were required to expend time which otherwise may not have been necessary. Therefore, pursuant to 11 U.S.C. § 329, a reduction in the amount of fees paid to Debtor's attorney by $500.00 is appropriate. Accordingly, it is hereby

ORDERED that the Chapter 7 Trustee's objection to Debtor's exemption of the proceeds from the settlement of his personal injury action is sustained. Debtor's amendment to Schedule C claiming the personal injury suit's settlement proceeds is stricken. It is further

ORDERED that, within ten days of the date of entry of this order, Debtor shall provide Trustee with copies of Debtor's personal and business tax returns for 1997 and 1996 and Schedules I and J regarding Debtor's cellular telephone business. It is further

ORDERED that Gerri Phillips is allowed final compensation in the amount of $6,000.00 as an administrative expense. It is further

ORDERED that, within ten (10) days of the date of entry of this order, Debtor's attorney shall pay to the Chapter 7 Trustee for distribution to creditors the sum of $500.00. It is further

ORDERED that Trustee's attorney is allowed compensation in the amount of $250.00. Reimbursement of expenses in the amount of $31.11 is allowed in full. It is further

ORDERED that disposition of Trustee's application for compensation is deferred pending conclusion of this case.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Debtor, Debtor's attorney, the Chapter 7 Trustee, the U.S. Trustee and all creditors and parties in interest.