**In re Bennie ROSS, Jr., Renee P. Ross, Debtors.**

**No. 98–50799–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Oct. 5, 2001.

Stacey Nestor Randall, Macon, GA, for Renee Ross.

Richard A. Epps, Jr., Macon, GA, for Randy Rowland.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Debtor Renee P. Ross's Motion to Reopen Chapter 13 Case Pursuant to 11 U.S.C. Section 350(b). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). Having held a hearing on this matter on August 27–28, 2001, and after considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtors Bennie Ross, Jr. and Renee P. Ross filed a Chapter 13 bankruptcy petition on February 19, 1998. Their Chapter 13 plan was confirmed on May 14, 1998. On or about March 19, 1999, Renee Ross ("Debtor") was involved in an automobile accident. She did not seek to amend her schedules to add the civil claim arising out of the accident On August 9, 1999, the Court entered an Order dismissing the Chapter 13 case, and on November 9, 1999,

Trustee filed a final report. On December 13, 1999, the Court entered a Final Decree closing the case.

Debtor has since filed suit against Randy Rowland ("Defendant") in state court for recovery of damages arising out of the auto accident. Defendant filed a motion for summary judgment in the state court case on the ground that the doctrine of judicial estoppel bars Debtor from pursuing her tort claim against him because she failed to list the claim on her bankruptcy schedules. In an attempt to preserve her rights, Debtor filed a motion to reopen her Chapter 13 case.

At the hearing on the motion to reopen, the Chapter 13 Trustee stated that the case had been dismissed for Debtor's failure to make plan payments. However, Trustee also pointed out that as a result of the accident, Debtor's car was totaled and she lost her job, thus leaving her unable to make those payments. The accident, far from being an asset concealed for Debtor's benefit, was a devastating financial catastrophe. Debtor's recovery on the claim, if any, in the state court would be remedial and compensatory.

Debtor seeks to reopen her Chapter 13 case to amend her schedules to reflect the tort claim so she can assert the state court action. Defendant objects, arguing that a dismissed case may not be reopened.

### Conclusions of Law

The Court may reopen a bankruptcy case pursuant to Section 350(b) of the Bankruptcy Code "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (1993).[1] Defendant argues that Debtor cannot use Section 350(b) to seek to reopen her case

because her case was dismissed rather than closed. Although there is no intelligible standard for the circumstances in which a case will be deemed "closed" for purposes of Section 350(b), some courts have made it clear that whatever the standard, dismissal does not fit within it. *See Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir.1982); *Critical Care Support Servs., Inc. v. U.S. (In re Critical Care Support Servs.)*, 236 B.R. 137, 140–41 (E.D.N.Y.1999); *In re Woodhaven, Ltd.*, 139 B.R. 745, 747 (Bankr.N.D.Ala.1992); *In the Matter of Garcia*, 115 B.R. 169, 170 (Bankr.N.D.Ind. 1990).

These courts have relied on the plain language interpretation of Section 350 to determine the effect of a dismissal. By this reasoning, they conclude that the language of Section 350(b) refers to "closed" cases and should be read with reference to Section 350(a), which allows courts to close a case after the estate has been fully administered and trustee discharged. *Woodhaven*, 139 B.R. at 747. They reason that a dismissed case does not fit this definition because it terminates "for reasons other than the completed administration of the estate." *Garcia*, 115 B.R. at 170; *see also Income Property*, 699 F.2d at 965. Because the effect of dismissal is to restore the parties to their prebankruptcy status, they conclude that dismissal is intrinsically different from closure. *Woodhaven*, 139 B.R. at 748. Accordingly, they determine that reopening of dismissed cases under Section 350 "would make dismissal an almost meaningless act, since the court would be required to reinstate a dismissed case upon being presented with some ar-

---

1. Section 350 reads in full as follows: "(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case. (b) A case may be re-

opened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350.

ticulated 'cause' for reopening it."[2] *Garcia*, 115 B.R. at 170.

These holdings are not helpful to the resolution of the case before this Court. Beginning with the plain language of Section 350, the Court finds two prerequisites for closing a case and, thus, enabling it to be reopened under Section 350(b): (1) the full administration of the estate, and (2) the discharge of the trustee. It is only the first requirement that causes confusion. Neither the Bankruptcy Code nor the Bankruptcy Rules define "fully administered." However, Rule 5009 states that a Chapter 13 case is presumed to be fully administered when "the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest." FED.R.BANKR.P. 5009. Based on this Rule, a dismissed case can be fully administered after the trustee has done what the Rule requires with no objections. Once it has

been fully administered and the trustee discharged, the Court is required to close it. 11 U.S.C. § 350(a) ("the court *shall* close the case") (emphasis added).

The Court understands the assertion that closure and dismissal are two very different creatures. However, the Court fails to see how a motion to reopen in any way undermines the order to dismiss. Rather, Debtor here is dealing with the Final Decree, which deems the case to be closed.[3] The dismissal of a case is not the end of that case. The trustee still has duties to complete before she can be discharged from the case. Here, the case was dismissed in August, but Trustee did not file her final report until November, and the Court did not enter a final decree until December. That decree specifically stated that the case had been fully administered, the Trustee was discharged, and the case was closed. The automatic stay would not be revived by reopening the case as it terminated upon dismissal.[4] The

2. The analysis of the statute in these cases seems to be preceded by an equitable conclusion that fairness would not favor reopening the case. *Income Property*, 699 F.2d at 964–65 (junior lien creditor who wanted to keep automatic stay in effect against senior lienholder failed to protect his rights by objecting to dismissal, appealing dismissal, or seeking to vacate dismissal within required time frame); *Critical Care*, 236 B.R. at 139–40 (district court recognized that the debtor had perpetrated fraud upon the bankruptcy court as evidenced by the guilty pleas of debtor's sole shareholder and debtor's bankruptcy counsel to charges of conspiracy to defraud the United States and criminal evasion of taxes); *Woodhaven*, 139 B.R. at 750 (movants chose to sit on their rights after the case had been dismissed; other parties who had acted in reliance on the dismissal were "in a position to suffer potential harm" if the case were reopened); *Garcia*, 115 B.R. at 170–71 (court had ordered dismissal because after the Chapter 13 case "had been pending for more than one year, there was no plan before the court for consideration").

3. The court in *Woodhaven* mentioned this issue, but attempted to distinguish the "statutory" closing of a completed bankruptcy case with the "administrative" or "judicial" closing that occurs after dismissal. 139 B.R. at 747 n. 1. The court said a case that has been judicially closed cannot be reopened under Section 350(b). *Id.* The court's only basis for that distinction was a comment in the *Bankruptcy Forms Manual* published by the Administrative Office of the United States Courts. *Id.* This Court has perused the most recent edition of that *Manual* and has been unable to find any support for the distinction either in the *Manual* or from any other source. Therefore, the Court is not persuaded by distinction.

4. Section 362(c) reads in pertinent part as follows:

Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is not longer property of the estate; and

Court can reopen this case without any effect on the Order of Dismissal. Therefore neither the language of the Section 350 nor the effect of dismissal support the exclusion of a case that has been dismissed and subsequently closed from the operation of Section 350(b).

Having determined that this case may be reopened under Section 350(b), the Court must now decide whether to allow it. The decision is solely within the discretion of the bankruptcy court. *In the Matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991); *Critical Care*, 236 B.R. at 140. When applying that discretion, "the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice."[5] *Shondel*, 950 F.2d at 1304 (quoting *Stark v. St. Mary's Hosp. (In re Stark)*, 717 F.2d 322, 323 (7th Cir. 1983)); *Critical Care*, 236 B.R. at 140.

Debtor argues that to deny her the opportunity to reopen her case would lead to a particularly unjust and inequitable result. Defendant wants to take advantage of a Georgia Supreme Court decision that apparently requires debtors to amend their bankruptcy schedules to include tort claims that they previously omitted.[6] Under *Wolfork v. Tackett*, a debtor's tort claim may be barred by judicial estoppel if she successfully asserted a contradictory position in bankruptcy court, i.e., if she failed to schedule the claim. 273 Ga. at 328, 540 S.E.2d at 612. A debtor is deemed to have successfully asserted a contradictory position if the bankruptcy court adopted that position and if the debtor benefitted from the adoption to the detriment of her creditors.[7] *Dillard–Winecoff, LLC v. IBF Participating Income Fund*, No. A01A0369, 2001 WL 792723, *2 (Ga.Ct.App. July 16, 2001).

A bright-line rule for determining when a bankruptcy court has adopted a position asserted by the debtor would be helpful. However, the reality of procedures in a bankruptcy case make such a rule difficult to develop. Parties at interest, such as creditors and trustees, sometimes rely on schedules in deciding what positions they should take in a bankruptcy case. Sometimes they do not oppose positions advanced by debtors in reliance on the schedules. Sometimes they make independent inquiries in Rule 2004 examinations and Section 341 meetings about matters covered in the schedules. Sometimes they are aware of omissions and urge positions with full knowledge as to omitted information. In other words, a state court should not assume that merely because the court confirmed a plan or granted a discharge to the debtor that it was aware of and adopted a particular position asserted

---

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) ... the time a discharge is granted or denied.

11 U.S.C.A. § 362(c) (1993).

5. The concept of "substantial justice" would support the holdings in the *Income Property*, 699 F.2d at 965, *Critical Care*, 236 B.R. at 140–41, *Woodhaven*, 139 B.R. at 747, and *Garcia*, 115 B.R. at 170, cases better than the strained "plain meaning" rationale.

6. *Wolfork v. Tackett*, 273 Ga. 328, 540 S.E.2d 611 (2001), *cert. denied*, — U.S. —, 122 S.Ct. 51, 151 L.Ed.2d 21 (2001).

7. The opportunities for favorable consideration of a motion to reopen a dismissed case are likely to be exceedingly rare. The circumstances of this case would not give rise to a motion to reopen except for the fact that the state law of judicial estoppel and the bankruptcy law of revesting of property have not developed sufficiently to assure Debtor that the formality of reopening the bankruptcy case to list her claim is not necessary either in the bankruptcy case or in the state court case.

by the debtor as set out in the schedules. Further, even if the court specifically considered a matter favorable to the debtor without knowledge as to a fact required to be disclosed, the nondisclosure would be likely to leave the debtor in the precarious position of losing the benefit of any determinations the bankruptcy court may have made, including confirmation of a plan [8] and granting of a discharge.[9] Nevertheless, one narrow set of circumstances, which are present in this case, do lend themselves to a bright-line rule: When dealing with a claim arising post-confirmation in a Chapter 13 case, the Court has not, by having previously confirmed the Chapter 13 plan, adopted a position taken by the debtor that contradicts a position the debtor takes in state court by asserting that claim.

 The law in the Eleventh Circuit is settled that assets acquired post-confirmation are not property of the bankruptcy estate unless they are necessary to maintain the plan. *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1340 (11th Cir.2000); *In re Brown*, 260 B.R. 311, 313 (Bankr.M.D.Ga.2001); *In re Carter*, 258 B.R. 526, 527 (Bankr.S.D.Ga.2001). All the debtor's legal and equitable interests in property as of the time of filing bankruptcy become property of the estate. 11 U.S.C. § 541(a)(1).[10] In addition, for Chapter 13 debtors, any property interests acquired post-petition but prior to either closure, dismissal, or conversion of the case become property of the estate. *Id.* § 1306(a).[11] However, upon confirmation of a Chapter 13 plan, the property of the estate vests in the debtor. *Id.* § 1327(b).[12] Because of the tension between Sections 1306 and 1327 with respect to property acquired post-confirmation, the Eleventh Circuit Court of Appeals held "the plan

---

**8.** "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." 11 U.S.C.A. § 1330 (1993).

**9.** A Chapter 7 debtor could also find himself in this position. Section 727(d) provides that

> [o]n request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
> (3) the debtor committed an act specified in subsection (a)(6) of this section.
> 11 U.S.C.A. § 727(d) (1993).

**10.** Section 541 reads as follows:

> (a) The commencement of a case . . . creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> 11 U.S.C.A. § 541(a)(1) (1993).

**11.** Section 1306 reads as follows:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title—
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title. . . .
> 11 U.S.C.A. § 1306(a)(1) (1993).

**12.** Section 1327 reads as follows: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C.A. § 1327(b) (1993).

upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *Telfair,* 216 F.3d at 1340 (quoting *Black v. U.S.P.S. (In re Heath),* 115 F.3d 521, 524 (7th Cir.1997)).

■■■■ Debtor's plan payments of $238 per month were based on her disposable income. Therefore, only that amount of her future earnings was the property necessary to maintain the plan and, thus, property of the estate. All her other future assets, including the tort claim against Defendant, became Debtor's property. As in *Carter.* "[j]udicial estoppel is inapplicable because the post plan confirmation tort claim was simply not involved in the bankruptcy case. [Debtor] had no reason much less obligation to disclose it." [13] 258 B.R. at 528. Because Debtor has no duty to disclose the tort claim to the Court, the Court has no reason to allow Debtor to reopen her case to make such a disclosure. Stated another way, nondisclosure of the claim in the bankruptcy case is not inconsistent with asserting the claim in another forum. In fact, if the Court granted Debtor's motion, its only reason for doing so would be to attempt to influence the outcome in state court, which is an inappropriate use of this Court's power and an infringement on the state court's jurisdiction. *See In the Matter of Dewberry,* 266 B.R. 916, 920–21 (Bankr. S.D.Ga.2001). Therefore, Debtor's motion is denied.

An Order in conformance with this Opinion will be entered on this date.

### ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby DENIES Debtor Renee P. Ross's Motion to Reopen Chapter 13 Case Pursuant to 11 U.S.C. Section 350(b).

---

**13.** Actual recovery on the claim by Debtor might trigger a disclosure requirement as previously discussed by the Court in *Brown.* 260 B.R. at 314 n. 3.