[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 18, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-16491
Non-Argument Calendar

_____

D. C. Docket No. 03-00086-CV-2

MORRIS E. MUSE,

Plaintiff-Appellant,

versus

ACCORD HUMAN RESOURCES, INC.,
PEACHTREE PEST CONTROL
COMPANY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 18, 2005)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Morris E. Muse appeals the district court's grant of summary judgment to defendants Accord Human Resources, Inc. and Peachtree Pest Control, Inc. (collectively referred to as "defendants") in his action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"). After review, we conclude that the district court erred in applying judicial estoppel to bar Muse's unpaid wage claim. Thus, we reverse the grant of summary judgment.

## I. BACKGROUND

On November 7, 1997, Muse commenced a Chapter 13 bankruptcy action and filed a schedule of assets under oath. The bankruptcy plan was confirmed on April 7, 1998.[1] Muse was discharged from debt on August 8, 2003, and his bankruptcy case was closed on June 25, 2004.

From on or about January 3, 2000 to September 6, 2002, Muse was employed by the defendants. On June 6, 2003, Muse filed this action pursuant to the Fair Labor Standards Act seeking to recover unpaid overtime wages allegedly owed to him by defendants from January 3, 2000 until September 6, 2002. Thus, Muse's wage claim did not arise until after his bankruptcy plan was confirmed in 1998. Although his wage claim did arise before his bankruptcy case was closed,

---

[1]Under the bankruptcy plan, there was a 60-month repayment period that expired on November 11, 2002.

Muse did not amend his schedule of assets to reflect his wage claim against the defendants.

In September 2004, the defendants in the unpaid wage claim suit filed a motion for summary judgment based on the doctrine of judicial estoppel. The defendants asserted that by not listing his wage claim in his bankruptcy schedule, Muse had taken the position that he had no wage claim in the bankruptcy proceeding. Judicial estoppel precludes a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). In the context of a bankruptcy case, judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the claims and had a motive to conceal them from the bankruptcy court. DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003).

On November 10, 2004, the district court granted the defendants' summary judgment motion. The district court concluded that Muse's unpaid wage claim was barred by the doctrine of judicial estoppel because Muse had a pending Chapter 13 bankruptcy action and a confirmed bankruptcy plan in existence at the time his unpaid wage claim arose and he did not disclose his unpaid wage claim to the bankruptcy court. Muse appealed.

3

## II. DISCUSSION

The issue in this case is whether the district court properly held that Muse was judicially estopped from asserting his unpaid wage claim when Muse failed to disclose that claim to the bankruptcy court. The answer is no, because Muse's unpaid wage claim arose after confirmation of the bankruptcy plan, was not part of the bankruptcy estate, and, thus, Muse did not have a duty to disclose it.

In Telfair v. First Union Mortgage Corp., 216 F.3d 1333 (11th Cir. 2000), this Court analyzed 11 U.S.C. §§ 1306 and 1327(b), the two provisions of the Bankruptcy Code that determine what constitutes property of the estate following confirmation of the bankruptcy plan.[2] After a thorough analysis, the Telfair Court held that assets acquired post-confirmation are not property of the bankruptcy estate unless they are necessary to maintain the bankruptcy plan. Telfair, 216 F.3d at 1340. In doing so, this Court stated:

---

[2] Section 1306 states in relevant part:
(a) Property of the estate includes, in addition to the property specified in section 541 of this title . . .
(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.
11 U.S.C. § 1306.

Section 1327(b) states: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b).

> We . . . read the two sections, 1306(a)(2) and 1327(b), to mean simply that while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan.

Id. (internal quotation marks and citation omitted).

In the instant case, confirmation of the bankruptcy plan occurred on April 7, 1998. Applying Telfair, any property interest acquired by Muse after April 7, 1998, which was not necessary to fulfill the plan, became the property of the debtor (Muse). The unpaid wage claim arose in January 2000, nearly two years after confirmation and there is no assertion that those asserts were necessary to meet the terms of the bankruptcy plan. Therefore, the unpaid wage claim was not part of the bankruptcy estate. Because it was not part of the bankruptcy estate, Muse had no duty to disclose it. Two recent bankruptcy court decisions in our circuit with nearly identical facts support our conclusion in this case.

In In re Carter, 258 B.R. 526, 527 (Bankr. S.D. Ga. 2001), the debtors filed for Chapter 13 bankruptcy on July 6, 1995, and their bankruptcy plan was confirmed on November 21, 1995. The debtors received a discharge on April 18, 2000, and the case was closed on May 10, 2000.

On October 17, 1998, the debtors were involved in an automobile collision, and they subsequently filed suit against the driver of the other vehicle. The driver,

5

defendant in the tort action, filed a motion for summary judgment based on the doctrine of judicial estoppel, asserting that the debtors had taken the position that they had no tort claim in the bankruptcy proceeding because their schedules did not list it. Id. In response to the defendant driver's motion for summary judgment, the debtors filed a motion in the bankruptcy court to reopen the bankruptcy case in order to amend their schedules to reflect the tort claim.

The bankruptcy court in In re Carter determined that the tort claim, which arose in 1998 almost three years after confirmation of the plan in 1995, was not necessary for the plan, and thus was not part of the bankruptcy estate. Id. Because the tort claim was not part of the bankruptcy estate, the debtors had no duty to disclose the claim. And because the debtors had no duty to disclose the tort claim in the bankruptcy case, pursuing the tort claim in state court was not inconsistent with their position in bankruptcy court. Thus, the bankruptcy court in In re Carter held that the debtors were not judicially estopped from pursuing their tort claim and there was no need to reopen their bankruptcy case. In determining that judicial estoppel was inapplicable, the bankruptcy court stated as follows:

> Judicial estoppel is inapplicable because the post plan confirmation tort claim was simply not involved in the bankruptcy case. The debtors had no reason much less obligation to disclose it. The tort claim belongs to the debtors and not the bankruptcy estate.

6

Id. at 528 (emphasis added).

Similarly, in In re Ross, 278 B.R. 269 (Bankr. M.D. Ga. 2001), the debtors filed for Chapter 13 bankruptcy on February 19, 1998 and their bankruptcy plan was confirmed on May 14, 1998. The debtors' bankruptcy case was dismissed in August 1999. In March 1999, one of the debtors was involved in an automobile accident and she subsequently filed suit seeking to recover tort damages as a result of the automobile accident. Id. at 270. The defendant filed a motion for summary judgment on the ground that the doctrine of judicial estoppel barred the debtor from pursuing her tort claim because she failed to list the claim on her schedules.

Following the bankruptcy court in In re Carter, the bankruptcy court in In re Ross held that judicial estoppel was inapplicable. The In re Ross bankruptcy court stated that "nondisclosure of the claim in the bankruptcy case is not inconsistent with asserting the claim in another forum." Ross, 278 B.R. at 275.

We are, of course, bound to follow Telfair, and in doing so, we agree with the reasoning of the bankruptcy courts in In re Carter and In re Ross. The unpaid wage claim arose in January 2000, nearly two years after plan confirmation in April 1998, and there is no assertion that it was necessary for the plan. Therefore, the unpaid wage claim was not part of the bankruptcy estate, Muse had no duty to disclose it, and Muse is not judicially estopped from bringing his unpaid wage

7

claim against the defendants in this case.  See <u>Ross</u>, 278 B.R. at 275; <u>Carter</u>, 258 B.R. at 528; <u>see also</u> <u>Telfair</u>, 216 F.3d at 1340.

Accordingly, we reverse the district court's grant of summary judgment to the defendants based on judicial estoppel and remand this case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**