**In re Brad E. FOREMAN,** Avis **M. Foreman,** Debtors.

**Avis M. Foreman,** Debtor/Movant,

v.

**J. Walter Construction Company, Inc., and Hartford Steam Boiler Inspection and Insurance Company,** Objecting Parties.

**No. 01–21400.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

Nov. 26, 2007.

---

9. The parties conceded error in a mathematical error of $800 on Appellant's unsecured non-priority claim.

718

O. Brent Green, Attorney at Law, Kingsland, GA, for Debtors.

---

### ORDER DENYING DEBTOR'S MOTION TO AMEND SCHEDULES

JOHN S. DALIS, Bankruptcy Judge.

By motion, Avis M. Foreman ("Debtor") seeks to amend the schedules in her Chapter 13 case to reflect her interest in a wrongful death claim that arose post-confirmation. Because the tort claim arose post-confirmation it is not property of the estate; and because Debtor has no ongoing duty to disclose assets acquired post-confirmation that are not property of the estate, Debtor's motion to amend her bankruptcy schedules is **DENIED** as unnecessary and improper. For the same reasons Defendants' Objection is **OVERRULED**. This Court has jurisdiction to decide this matter under 28 U.S.C. § 157(b)(2)(A).

### Background

Debtor and her husband, Brad E. Foreman (together "Debtors"), filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on September 14, 2001. The Debtors' case was confirmed on March 5, 2002. According to Debtor, on August 17, 2002, co-debtor Brad E. Foreman was critically injured in an explosion while working at the Durango–Georgia Paper Company. As a result of his injuries, Mr. Foreman remained hospitalized in the burn unit until his death on September 14, 2002. Throughout Debtor continued to make the plan payments until a discharge was granted on October 16, 2006.

As administratrix of the estate of Brad E. Foreman and next of friend for Mr. Foreman's three minor children, Debtor filed a wrongful death action in the State Court of DeKalb County, Georgia, on September 23, 2004, against J. Walter Construction Company, Hartford Steam Boiler Inspection and Insurance Company (together "Defendants"), and a number of other parties. *See* State Court of DeKalb County Civil Action File No. 04A23593–7. On March 5, 2007, Debtor filed this Motion to Amend her Schedules ("Motion"), pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 1009, seeking to list her interest in the wrongful death action as an asset in Debtors' confirmed bankruptcy case.

Defendants filed an Objection to Debtor's Motion to Amend Schedules ("Objection"), asserting that Debtor's request should be denied because the proposed amendment was brought in bad faith. The Objection alleges that Debtor knew of her duty to disclose the wrongful death action to the bankruptcy court, and point to the pre-confirmation amendments made to her joint plan as evidence of her knowledge. Additionally, Defendants argue that because Debtor did not request to amend her schedules immediately following her husband's death, the court should find that Debtor attempted to conceal an asset in bad faith.

Debtor filed a Response to Non-creditor's Objection asserting that the law is well settled on this issue, "that post petition, post-confirmation causes of action are not part of the bankruptcy estate and not subject to disclosure." (Dkt. # 94:1). Debtor states that the request to amend her schedules to include the post-confirmation tort claim was made out of an abundance of caution. Debtor alleges that Defendants are attempting to use the bankruptcy court as a means to circum-

vent responsibility for the death of Mr. Foreman and avoid facing the merits of the State Court cause of action. Debtor cites to Telfair v. First Union Mortgage Corp., 216 F.3d 1333 (11th Cir.2000) and argues that, based on binding precedent set by the Eleventh Circuit Court of Appeals, the cause of action that arose post-confirmation is not property of the estate. Debtor cites to the unpublished decision in Muse v. Accord Human Resources, Inc., 129 Fed.Appx. 487 (11th Cir.2005), and maintains that Debtor does not have an ongoing duty to disclose an asset acquired post-confirmation.

Debtor alleges that Defendants' objections are groundless based on the affidavit of M. Elaina Massey the Chapter 13 Trustee ("Trustee"), which states: Debtor had no duty to disclose the post-confirmation cause of action; the post-confirmation cause of action was not necessary to the administration of the·case; and the cause of action would have been abandoned back to the Debtor. However, Debtor asserts that if the Court determines, in spite of the prior case law,[1] that Debtor did have a duty to amend her schedules to reflect this post-confirmation cause of action, Debtor's Motion should not be denied absent a showing of bad faith or prejudice to a creditor by clear and convincing evidence. See F.R.B.P. 1009.

Because Debtor's interest in this cause of action arose post-confirmation, the potential asset is not property of the bankruptcy estate as defined by 11 U.S.C. § 541. See Witko v. Menotte (In re Witko), 374 F.3d 1040 (11th Cir.2004) (concluding that "[p]re-petition causes of action are part of the bankruptcy estate and post

petition causes of action are not"); see also Telfair, 216 F.3d 1333 (adopting the estate transformation approach to post petition acquired property, and holding that after confirmation only the property necessary for the execution of the plan remains as property of the bankruptcy estate). Furthermore, because the cause of action is not property of the bankruptcy estate, Debtor is under no ongoing duty to disclose and amend the schedules of her confirmed bankruptcy case. See Muse, 129 Fed.Appx. 487.

### Discussion

### Duty to Disclose

 The issue in this case is whether Debtor has the ongoing duty to amend the schedules of her confirmed bankruptcy case to disclose a potential asset acquired post-confirmation. A debtor's duty to disclose assets begins with the filing of a petition for protection under the Bankruptcy Code. See 11 U.S.C. § 521. The debtor is required to disclose all assets that could be property of the bankruptcy estate. As to property of the estate, the debtor's duty to disclose is an ongoing one. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir.2002). However, for this duty to be ongoing and for this Debtor to be required to disclose this post-confirmation cause of action, it must be determined that the post-confirmation asset is property of the estate.

### Property of the Estate

 The Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); see also Witko, 374

---

1. Debtor cites to the following additional cases: In re Bobroff, 766 F.2d 797 (3rd Cir.1985)(debtor's post petition tort claims are not part of the bankruptcy estate); In re Carter, 258 B.R. 526 (Bankr.S.D.Ga.2001)(holding that a cause of action acquired post petition, post-confirmation, and post-conversion is not a part of the bankruptcy estate); In re Ross, 278 B.R. 269 (Bankr.M.D.Ga.2001).

F.3d at 1042. "The key date for property definition purposes" is the commencement of the bankruptcy case. *Bracewell v. Kelley (In re Bracewell)*, 454 F.3d 1234, 1237 (11th Cir.2006) (concluding that property of the estate is "property the debtor had when the bankruptcy case commences, not property he acquires thereafter").

In the Chapter 13 context regarding assets acquired by the debtor post-confirmation, the definition of property of the estate is complicated by what, at first reading, seems to be a tension between Sections 1306 and 1327. However, taking the two sections together, it is clear that they do not conflict.

■■ Section 1306 expands the definition of property of the estate to include

(a) ... in addition to property specified in section 541 of this title

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever comes first; and

(2) earnings from services performed by the debtor after the. commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever comes first.

11 U.S.C. § 1306(a). However, § 1327(b) reduces the scope of what constitutes property of the estate and provides that "[e]xcept as otherwise provided in the plan or order confirming the plan, the confirmation of a [chapter 13] plan vests *all* **of** *the* **property of the estate** in the debtor." 11 U.S.C. § 1327(b)(emphasis added). The statutory text is unambiguous and must be enforced according to its terms. *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). I

am required to "presume that the legislature says in a statute what it means and means in a statute what it says," *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004)(quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391). "All" means all, that's all. 11 U.S.C. § 1327(b). Pursuant to the plain language of § 1306, property of the estate continues to accumulate until the case is closed, dismissed, or converted. And under § 1327(b), regardless of when property of the estate is acquired, upon confirmation "all" property of the estate vests in the debtor unless the order of confirmation provides otherwise. 11 U.S.C. § 1327(b). This interpretation is consistent with the Eleventh Circuit Court of Appeals' decision in *Telfair v. First Union Mort. Corp.*, 216 F.3d 1333 (11th Cir.2000).

In *Telfair*, the Eleventh Circuit Court of Appeals balanced the two provision as to assets acquired by debtors post-confirmation, adopting the estate transformation approach as articulated by the Seventh Circuit in *Black v. United States Postal Serv. (In the Matter of Heath)*, 115 F.3d 521, 524 (7th Cir.1997). The estate transformation approach "regards only that property necessary for the execution of the plan as remaining property of the estate after confirmation." *Telfair*, 216 F.3d at 1340 (citing *Heath*, 115 F.3d at 524 and *In re McKnight*, 136 B.R. 891, 894 (Bankr. S.D.Ga.1992)).

■■ "The law in the Eleventh Circuit is settled that assets acquired post-confirmation are not property of the bankruptcy estate unless they are necessary to maintain the plan." *In re Ross*, 278 B.R. 269 (Bankr.M.D.Ga.2001) (citing *Telfair*, 216 F.3d at 1340; *In re Brown*, 260 B.R. 311, 313 (Bankr.M.D.Ga.2001); *In re Carter*, 258 B.R. 526, 527 (Bankr.S.D.Ga.2001));

*see also Muse v. Accord Human Resources, Inc.,* 129 Fed.Appx. 487 (11th Cir. 2005); *In re Baxter,* 374 B.R. 292 (Bankr. M.D.Ala.2007); *In re Batten,* 351 B.R. 256 (Bankr.S.D.Ga.2006). Property of the estate in a chapter 13 case includes, all legal and equitable interests that the debtor holds at the time of filing, and any property interests the debtor acquires post petition but before the case is closed, converted, or dismissed. *See* 11 U.S.C. §§ 541, 1306. However, when the debtor's plan is confirmed, "only the amount required for the plan payments remain[ ] property of the estate." *Telfair,* 216 F.3d at 1340; *see* 11 U.S.C. § 1327(b).

In *Muse,* the Eleventh Circuit applied the holding in *Telfair* to a chapter 13 case with facts similar to the present case.[2] In *Muse,* the debtor's chapter 13 petition was filed on November 7, 1997; the plan was confirmed on April 7, 1998; discharge was granted on August 8, 2003; and the case was closed on June 25, 2004. On June 3, 2003, the debtor filed suit under the Fair Labor Standards Act ("FLSA") alleging that the defendants owed the debtor unpaid overtime wages earned during the period beginning January 3, 2000, until September 6, 2002. The debtor did not amend his bankruptcy schedules to reflect the FLSA claim against the defendants.

In September 2004, the defendants filed for summary judgment asserting that the debtor had an affirmative duty to disclose the FLSA claim to the bankruptcy court, and that the debtor was judicially estopped from bringing the FLSA claim because he had not amended his bankruptcy schedules. *See Muse v. Accord Human Resources, Inc.,* No. CV203–86 (S.D.Ga. Nov.

10, 2004)(order granting defendant's motion for summary judgment), *rev'd,* 129 Fed.Appx. 487 (11th Cir.2005). The debtor argued that because the FLSA claim was not property of the estate there was no duty to disclose the post-confirmation suit to the bankruptcy court. *Id.*

The district court granted the defendants' summary judgment motion. Citing to § 1306, the district court found the post-confirmation FLSA claim to be property of the estate. The court quoting *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir.2002), held that the debtor had an affirmative duty to amend his schedules upon a change in his financial circumstances. The district court concluded that because the debtor had not amended his schedules, judicial estoppel barred his FLSA claim.

The debtor appealed, and the Eleventh Circuit Court of Appeals reversed the district court's decision. *Muse v. Accord Human Resources, Inc.,* 129 Fed.Appx. 487 (11th Cir.2005). The Court of Appeals concluded that the FLSA claim arose post-confirmation, and no party had asserted that the potential asset was necessary to meet the terms of the bankruptcy plan. Therefore, the court held that FLSA claim was not property of the estate and thus the debtor had no duty to disclose it to the bankruptcy court. *Id.* Further, the court, applying *Telfair* to those facts, stated that "any property interest acquired by Muse after [confirmation], which was not necessary to fulfill the plan, became the property of the debtor." *Id.* at 489.

█ Likewise, in the present case, the Debtor's wrongful death action arose post-confirmation, and no party has asserted

2. The Eleventh Circuit in *Muse v. Accord Human Resources, Inc.,* 129 Fed.Appx. 487 (11th Cir.2005), agreeing with the reasoning of *In re Carter,* 258 B.R. 526 (Bankr.S.D.Ga.2001), and *In re Ross,* 278 B.R. 269 (Bankr.M.D.Ga.

2001), held that there was no duty to disclose, because the debtor's unpaid wage claim arose post-confirmation, it was not part of the bankruptcy estate, and reversed the decision of a district court judge of this district.

that Debtor's potential recovery in that action is necessary to fulfill the plan. Therefore, the cause of action is not property of the estate, and Debtor is not required to amend her schedules to disclose it to this Court.

I disagree with the decision of the Honorable Lamar W. Davis, Jr., chief bankruptcy judge of this district, in *In the Matter of Harvey*, 356 B.R. 557 (Bankr. S.D.Ga.2006), *aff'd sub nom. Waldron v. Meredith*, No. CV406–270 (S.D.Ga. Sept. 28, 2007).[3] In *Harvey*, Judge Davis held that a debtor has an ongoing duty to disclose property interests post-confirmation. *Harvey*, 356 B.R. at 565.

The facts in *Harvey* were as follows:[4] the debtors' joint chapter 13 plan was confirmed on November 16, 2004. Subsequent to confirmation, joint-debtor husband was involved in an automobile collision and suffered personal injuries. After the bankruptcy court approved partial settlement of joint-debtor husband's personal injury claims, the debtors requested the authority to settle the remaining claims arising out of the automobile collision without further approval from the bankruptcy court, arguing that because the

cause of action arose post-confirmation, the claims had vested in the debtor and were not property of the estate. *Harvey*, 356 B.R. 557.

Judge Davis rejected the debtors' argument, and held that post-confirmation assets "remain" property of the estate under § 1306. *Harvey*, 356 B.R. at 563. Judge Davis opined that § 1327 did not retroactively vest property of the estate in the debtor as of the date of confirmation; and held that debtors must schedule post-confirmation assets so that the Trustee or creditors might be able to take advantage of their right to seek a modification under § 1329(a). *Id.* Relying on "a close reading of what *Telfair* requires and what *Burnes* strongly impl[ied]," Judge Davis held that if the acquired post-confirmation asset was not scheduled, it would remain property of the estate under Sections 1306 and 554(d). *Harvey*, 356 B.R. at 564.

The decision in *Harvey* states that the decisions in *Muse*, 129 Fed.Appx. 487 (11th Cir.2005), *In re Carter*, 258 B.R. 526 (Bankr.S.D.Ga.2001), and *In re Ross*, 278 B.R. 269 (Bankr.M.D.Ga.2001), applying *Telfair* to conclude that post-confirmation causes of action are not property of the

---

3. Chief District Judge Moore affirmed the decision in *Harvey*, 356 B.R. 557 (Bankr.S.D.Ga. 2006), and found that, post-confirmation, debtors have an ongoing duty to amend their schedules and disclose property acquired post-confirmation, because that post-confirmation property may be necessary to fulfill the plan, or may provide a reason for modification. *Waldron v. Meredith*, No. CV 406–270 at 8 (S.D.Ga. Sept. 28, 2007). Further, Chief Judge Moore concluded that the Eleventh Circuit's decision in *Telfair* did not consider the issue of property acquired post-confirmation, and found that the decision in *Telfair* should be limited to apply to only assets acquired pre-confirmation. Chief Judge Moore's decision meant that post-confirmation assets did not automatically vest in the debtor; only "assets acquired pre-confirmation were 'returned' to the debtor at confirmation, if those assets are not necessary to the fulfillment of

the plan." *Waldron*, No. CV406–270 at 5. I note that the facts of the present cases are distinguishable from the facts involved in *Waldron*.

4. *In the Matter of Harvey*, 356 B.R. 557 (Bankr.S.D.Ga.2006) *aff'd sum nom. Waldron v. Meredith*, No. CV406–270 (S.D.Ga. Sept. 28, 2007), was an order involving two separate chapter 13 cases, *In the Matter of Mildred A. Harvey*, Chapter 13 case number 02–40093 (Bankr.S.D. Ga. filed Jan. 9, 2002), and *In the Matter of Michael and Barbara Waldron*, Chapter 13 case number 04–41875 (Bankr.S.D. Ga. filed June 21, 2004). The Honorable Lamar W. Davis, Jr., entered the order jointly in the cases because they presented similar issues. Only the Waldrons elected to appeal Judge Davis' decision.

estate, were not persuasive in light of *Burnes*. *Harvey* relies on the decision in *Burnes* to conclude that "extending *Telfair's* vesting rule to post-confirmation assets is tenuous at best." *Harvey*, 356 B.R. at 562. Judge Davis found that the court in *Burnes*

> could only have concluded that the debtor's schedules must be amended if it believed that post-confirmation causes of action remain estate property. Otherwise, the failure to' amend to reveal those assets could hardly set the stage for a judicial estoppel attack.

*Harvey*, 356 B.R. at 562 (citing to *Ajaka v. BrooksAmerica Mort. Corp.*, 453 F.3d 1339, 1345 (11th Cir.2006)).

I conclude that *Harvey* is distinguishable from the present case, and that the decision in *Burnes* does not apply to chapter 13 post-confirmation assets. *Burnes* involved the duty to disclose upon a request for conversion to chapter 7, not the ongoing duty to disclose post-confirmation in a chapter 13 case. Further, as noted in *Harvey*, *Burnes* did not consider *Telfair*. Moreover, the *Burnes* court did not address § 1306 or § 1327. Additionally, *Burnes* involved a debtor who knew all the facts that were pertinent to the law suit when he filed for bankruptcy protection.[5] *See In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.1999) (holding that when the debtor has enough information prior to confirmation to suggest that there may be a possible interest in a cause of action, then the cause of action is "known" and must be disclosed). Finally, all the cases cited in *Burnes* involve tort claims that the debtors had an interest in pre-petition.[6]

5. In *Burnes*, the debtor filed a claim asserting that he was subject to discriminatory treatment during the course of his employment by the defendant. The conduct that gave rise to the cause of action occurred during the debtor's employment by the defendant, and he had been employed by the defendant pre-petition. The court in *Burnes* stated the following facts: the debtor began working for the defendant in 1992; filed his chapter 13 case on July 3, 1997; filed discrimination charges against defendant with the EEOC on January 30, 1998; filed suit against defendant on December 9, 1999; requested that his chapter 13 case be converted to a chapter 7 case in October 2000; received a no asset chapter 7 discharge on January 23, 2001; and at no time during the pendency of his bankruptcy case did the debtor seek to list the discrimination cause of action as an asset. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir.2002).

6. In determining that the duty to disclose assets is a continuing one, the following cases are cited by *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir.2002): *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir.1999) (involving a chapter 11 case and stating that full disclosure of known causes of action is required because "the interests of both the creditors, who plan their actions in the bankrupt-

cy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete"); *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d 355 (3rd Cir.1996) (involving a chapter 11 case and a cause of action that arose pre-confirmation); *Matter of Cassidy*, 892 F.2d 637 (7th Cir.1990)(involving admission made during a pre-petition Tax Court proceeding); *Payless Wholesale Distrib. Inc. v. Alberto Culver, Inc.*, 989 F.2d 570 (1st Cir. 1993) (involving cause of action that arose pre-petition); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3rd Cir.1988)(involving cause of action that arose pre-confirmation and holding that a chapter 11 disclosure statement submitted to creditors for voting' purposes that did not disclose potential cause of action to be deficient); *Traylor v. Gene Evans Ford, LLC*, 185 F.Supp.2d 1338 (N.D.Ga.2002)(involving a pre-petition cause of action); *Scoggins v. Arrow Trucking Co.*, 92 F.Supp.2d 1372 (S.D.Ga.2000)(involving pre-petition unliquidated tort claim); and *Chandler v. Samford Univ.*, 35 F.Supp.2d 861 (N.D.Ala.1999)(involving a chapter 13 case that was converted to a "no asset" chapter 7 one month after debtor filed discrimination suit and no disclosure to the bankruptcy court

According to *Harvey's* interpretation of *Telfair*, at confirmation all the property of the estate is emptied and "revests" in the debtors under § 1327(b), and no longer property of the estate. *Harvey*, 356 B.R. at 565 (quoting *In re Nott*, 269 B.R. 250 (Bankr.M.D.Fla.2000)). Immediately after confirmation, the estate begins to be re-filled by property acquired by debtors post-confirmation under § 1306, and is protected by the automatic stay until the case is closed, converted, or dismissed. *Id.*

 I disagree with this interpretation of *Telfair*. I interpret *Telfair* and Sections 1306 and 1327 to mean that throughout the pendency of the chapter 13 case, there is one bankruptcy estate. Upon confirmation, the bankruptcy estate continues to exist and property of the estate "consists of the post-petition assets of the debtor devoted to plan payments," until the case is closed, dismissed, or converted. *See* 11 U.S.C. § 1306; *Am. Gen. Fin., Inc. v. McKnight (In re McKnight)*, 136 B.R. 891, 894 (Bankr.S.D.Ga.1992).

 Further, upon confirmation, property of the estate not provided for in the plan, i.e., determined to be not necessary to the funding of the plan, vests in the debtor. *Id.* Therefore, only the post-confirmation acquired property needed to fund the plan remains property of the estate and protected by the automatic stay provision. All other post-confirmation property is property of the debtor, and "is free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(c). To hold otherwise would result in either

> fully insulating future acquired interests in property from legitimate post-petition

claims not provided for in the plan, or allow post-confirmation claimants to proceed against the funds or property needed to consummate the plan to pay the pre-petition creditors.

*In re Ziegler*, 136 B.R. 497, 502 (Bankr. N.D.Ill.1992) (resolving the conflict between sections 1327(b) and 1306(a)(2) and holding that post-confirmation earnings of the debtor, not provided for in the chapter 13 plan, are property of the debtor and not automatically protected by the automatic stay provision from post-petition claims).

Furthermore, because the trustee has the exclusive right to sue on behalf of the bankruptcy estate, *see* 11 U.S.C. § 323, the decision in *Harvey* would "impose upon the bankruptcy court the burden of adjudicating a multitude of petty disputes." *In re Heath*, 115 F.3d at 524 (involving a dispute over $50). The court in *Heath* interpreted § 1306 and § 1327 in the context of whether the automatic stay provision of § 362 protected post-confirmation earnings. That court concluded that confirmation does not automatically place all of a debtor's post-confirmation income into the bankruptcy estate, and thus in the trustee's control, until completion of the plan. Only so much of the post-confirmation income, or other property, as necessary to the "fulfillment of the plan—necessary, that is, to the payment in full of the creditors' allowed claims" qualifies as property of the estate after confirmation. *Id.*

 Unless a party asserts that the post-confirmation asset is necessary for completion of the plan, or as otherwise provided for in the Bankruptcy Code pursuant to F.R.B.P. 1007,[7] Debtor has no

---

of the suit; holding that debtor's representations that she had "no assets" were inconsistent with her later assertion of claims against the defendant).

7. F.R.B.P. 1007(h) provides:
 [i]nterests acquired or arising after petition. *If, as provided by § 541(a)(5) of this Code, the debtor acquires or becomes entitled to*

ongoing duty to disclose post-confirmation assets that are not property of the estate.

## Judicial Estoppel

] As to Debtor's assertion that Defendants are attempting to elude state court liability by objecting to Debtor's request to amend her schedules, I note that when dealing with a cause of action that arises post-confirmation in a chapter 13 bankruptcy case, by previously confirming a chapter 13 plan the bankruptcy court has not "adopted a position taken by the debtor that contradicts a position the debtor takes in state court by asserting that claim." *In re Ross*, 278 B.R. 269, 274 (Bankr.M.D.Ga.2001) (holding that nondisclosure to the bankruptcy court of a cause of action that arose post-confirmation "is not inconsistent with asserting the claim in another forum"). Debtor's allegation is unfounded. Judicial estoppel would be inapplicable under these circumstances, because the post-confirmation tort was not involved in the bankruptcy case, and Debtor had no reason or obligation to disclose it. *See In re Carter*, 258 B.R. 526 (Bankr. S.D.Ga.2001).

## Request to Amend Schedules

] F.R.B.P. 1009 provides that

[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order' any voluntary petition, list, schedule, or statement to be amended . . .

However, the permissive approach of F.R.B.P. 1009 does not deprive the bankruptcy court of the discretion[8] to deny a request to amend "if the amendment would prejudice creditors, if the debtor has acted in bad faith, or if the debtor concealed assets." *In re Barber*, 223 B.R. 830, 833 (Bankr.N.D.Ga.1998). Furthermore, an amendment will not be allowed where "it does not appear that error or mistake was made or where the failure was unintentional or where the amendment if allowed will be of no value to the debtor." *In re Zwirn*, 2007 WL 1239059, at *3 (Bankr.S.D.Fla.2007) (citing to *In re Powers*, 339 F.Supp. 1068 (W.D.Ark.1972)).

---

*acquire any interest in property*, the debtor shall within 10 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule … If any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule. *The duty to file a supplemental schedule in accordance with this subdivision continues* notwithstanding the closing of the case, except that the schedule need not be filed in a chapter 11, chapter 12, or chapter 13 case with respect to property acquired after entry of the order confirming a chapter 11 plan or discharging the debtor in a chapter 12 or chapter 13 case.

(emphasis added). This rule is clear. The duty to disclose property of the estate contin-

ues until the debtor receives a discharge in a chapter 13 case only as to the specific property "as provided by § 541(a)(5)." Property covered by 11 U.S.C. § 541(a)(5) includes post-petition property interests acquired by the debtor within 180 days of filing the petition that debtor acquires as a result of a bequest, devise, or inheritance, property settlement with debtor's spouse or divorce decree; or beneficiary of a life insurance policy or death benefit plan.

8. I note that under F.R.B.P. 1009 a debtor does not necessarily have to request the court's permission to amend a voluntary petition, list, schedule, or statement before the case is closed. However, in the present case because a party in interest filed a motion, I have the discretion to decide whether the request to amend should be allowed.

I find that no error was made in Debtor not listing this post-confirmation asset in her schedules; Debtor did not conceal this potential cause of action; and Debtor did not act in bad faith. I reiterate, the wrongful death claim is not property of the estate, and there is no reason for Debtor to list it as an asset in her bankruptcy case. The amendment is unnecessary and is **DENIED.** Additionally, for the same reasons, Defendant's Objection is **OVERRULED.**

### ORDER

It is therefore **ORDERED** that Debtor's Motion is **DENIED** as unnecessary and improper; further **ORDERED** that Defendants' Objection is **OVERRULED.**